**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex A Sernas,<br><br>  Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>  Respondents. | No. CV-18-08149-PCT-SRB<br><br>**ORDER** |

The Court now considers Petitioner Alex A. Sernas ("Petitioner")'s *pro se* Petition Under 28 U.S.C § 2254 For a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 1 ("Pet.")). On May 14, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the Petition be denied. (*See* Doc. 20, R. & R.) On August 2, 2019, Petitioner filed his Objections. (Doc. 27, Mot. to Obj. to R. & R. ("Obj.").)

**I.    BACKGROUND**

The background of this case was summarized in the Report and Recommendation and is incorporated herein:

> Based on information from a material informant ("MI") and a subsequent investigation, Yavapai County Sheriff's officers learned defendant was going to sell methamphetamine to the MI at the Sunset Point rest area located on Interstate 17 north of Black Canyon City. Officers confronted defendant and the driver of the truck in which defendant was a passenger at the rest stop late in the evening of February 10, 2010. A

warrantless strip search of defendant revealed two baggies of methamphetamine weighing a total of 11.8 grams in his sock. The state charged defendant with one count each of transportation of a dangerous drug for sale, a class 2 felony, and possession of drug paraphernalia, a class 6 felony. Defendant [through retained counsel] moved pre-trial to suppress evidence of the drugs arguing the warrantless search violated his rights under the Fourth Amendment. The court held an evidentiary hearing and denied defendant's motion. The court reasoned that the inevitable discovery exception to the warrant requirement applied because law enforcement would have found the drugs when defendant was booked into jail after his arrest. *See State v. Paxton*, 925 P.2d 721, 725 (Ariz. Ct. App. 1996) ("Evidence obtained in violation of the Fourth Amendment need not be suppressed when that evidence would inevitably have been discovered by lawful means."). Defendant stipulated to the factual bases of the charged offenses' elements and raised entrapment as his defense at trial. The jury found defendant guilty as charged. The court imposed slightly aggravated concurrent terms of twenty years' imprisonment for the transportation of a dangerous drug for sale conviction and four years for the possession of drug paraphernalia conviction. *State v. Sernas*, 2012 WL 2470009, at *1 (Ariz. Ct. App. 2012). Defendant appealed.

On June 19, 2012, the Arizona Court of Appeals affirmed Sernas' conviction and sentence. Sernas filed a notice of state post-conviction relief ("PCR") pursuant to Rule 32, Arizona Rules of Criminal Procedure. (ECT No. 15-1 at 170–71.) He asserted his trial counsel was ineffective for failing to challenge the reliability of the canine search in the suppression proceedings, citing *State v. Sweeney*, 227 P.3d 868 (Ariz. Ct. App. 2010). (ECF No. 15-1 at 171). The habeas trial court appointed counsel, but Sernas' Rule 32 petition was filed pro se. (ECF No. 15-1 at 174, 179-86). In his Rule 32 petition Sernas asserted there was no probable cause for the search of the vehicle or his person; his arrest violated his Fourth Amendment rights; and his trial counsel's performance was unconstitutionally ineffective, inter alia because counsel failed to argue Sernas was not read his Miranda rights "on-scene." (ECF No. 15-1 at 179-86). He further alleged his appellate counsel was ineffective. (*Id.*).

> On January 21, 2014, the state habeas trial court found "[a]ny issue regarding the trial Court's ruling regarding the Motion to Suppress" precluded by Rule 32.2 of the Arizona Rules of Criminal Procedure, because Sernas either raised the issue or could have raised the issue in his appeal. (ECF No. 15-1 at 204). The habeas trial court denied Sernas' ineffective assistance of counsel ("IAC") claims on the merits. (ECF No. 15-1 at 206). In denying Sernas' claim that his appellate counsel was ineffective for failing to raise the issue "of the K-9 reliability and records," the trial court stated: "Defendant admitted to the elements of the crimes, which was necessary to his original and continuing claim of entrapment. The reliability and training records of the K-9 are irrelevant to an entrapment defense." (*Id*.).

(R. & R. at 1–3.)

Petitioner filed his Petition on February 26, 2018, asserting five grounds for relief: (1) arresting officers lacked probable cause because the MI's information was unreliable; (2) arresting officers had time to obtain a search warrant but nonetheless conducted a pretextual canine search and a warrantless strip search; (3) arresting officers violated Petitioner's due process rights by denying him counsel at the time of arrest and failing to provide *Miranda* warnings prior to a "functional interrogation"; (4) the State violated *Brady v. Maryland* by failing to disclose favorable evidence about the K-9 used at the scene of his arrest; and (5) Petitioner was denied effective assistance of counsel throughout his trial, appellate, and state PCR proceedings. (*See* Pet. at 6–16.) The Report and Recommendation rejected every ground and recommended the Petition be denied.

Petitioner raises three objections: (1) arresting officers should have read Petitioner his *Miranda* rights earlier; (2) Petitioner did not procedurally default his claims; and (3) Petitioner's counsel was ineffective throughout his proceedings.[1]

---

[1] The Court strikes Petitioner's Reply to State's Support of Report and Recommendation because the rules do not authorize Petitioner to file a reply. *See* 28 U.S.C. § 636(b)(1) (permitting only the filing of objections to a Magistrate Judge's conclusions).

(*See* Obj. at 4, 8–12.)

**II. LEGAL STANDARD AND ANALYSIS**

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**A. Objection One: *Miranda***

The Magistrate Judge concluded that Petitioner did not properly exhaust a freestanding *Miranda* claim (Ground Three) because he failed to fairly present it to the state PCR court. (*See* R. & R. at 9.) Petitioner objects that "a reasonable application of federal law" requires "the reading of *Miranda* to both [the driver] and [Petitioner] as soon as police commanded them from their vehicle." (Obj. at 8.)

Absent a showing of actual innocence or cause and prejudice, the Court cannot grant habeas relief on a claim a prisoner has not properly exhausted in state court. *Smith v. Baldwin*, 510 F.3d 1127, 1138–39 (9th Cir. 2007). To exhaust a claim, a petitioner must "fairly present" it to each appropriate state court. *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018) (quotation and citation omitted). To fairly present a claim, a petitioner must describe both the operative facts and the federal legal theory. *Castle v. Schriro*, 414 F. App'x 924, 925 (9th Cir. 2011) (citing *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008)). It is not enough that all facts necessary to support the federal claim were before the state court. *Baldwin v. Reese*, 541 U.S. 27, 30 (2004). Neither is it enough to make general appeals to broad constitutional principles, such as due process, equal protection, or the right to a fair trial. *Arrendondo v. Neven*, 763 F.3d 1122, 1139 n.8 (9th Cir. 2014) (citing *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Petitioner's objection—that he was not properly Mirandized—does not

address the basis for the Magistrate Judge's conclusion—that Petitioner failed to fairly present this claim to the state PCR court. In his state PCR action, Petitioner stated, "I told my lawyer NO Miranda rights were read on-scene, not until arriving [at] the police substation." (R. & R. at 9; Doc. 15-1, Oct. 11, 2018 Pet. for PCR at 185.) Petitioner did not cite to the Fourth Amendment or any other law. Reciting facts is not enough. An oblique reference to *Miranda* rights is not enough. Petitioner's vague statement did not fairly present a *Miranda* claim to the state PCR court. Because Petitioner would now be barred from presenting this claim in state court, his claim is procedurally defaulted for purposes of habeas review. *See* Ariz. R. Crim. P. 32.2(a)(3). Petitioner offers no excuse for his procedural default.[2] (*See generally* Obj.)

In any event, the Magistrate Judge concluded and the Court agrees that there was no *Miranda* violation.[3] (R. & R. at 10.) *Miranda* warnings are "prerequisites to the admissibility of any statement made by a defendant" during custodial interrogation. *Miranda*, 384 U.S. at 467–68, 476. But Petitioner made no incriminating statements until after the arresting officer read him his *Miranda* warnings.[4] *Miranda* was not violated and Objection One is overruled.

**B.     Objection Two: Procedural Default**

The Magistrate Judge concluded that Grounds Three (the *Miranda* violation, discussed above) and Four (the *Brady* violation) were procedurally defaulted. (R. & R. at 8–10, 11–12.) Petitioner objects that "[a]rguments for procedural preclusion,

---

[2] To the extent Petitioner's claim can be read as asserting an IAC claim in connection with his *Miranda* claim, such a claim was not fairly presented to the state PCR court for the same reasons.
[3] *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966) (prohibiting admission of statements given by suspect during custodial interrogation unless suspect has received certain warnings).
[4] (*See* Doc. 15-1, Oct. 18, 2010 Ruling on Pending Mot. at 45 (finding that, when arresting officers took Petitioner into a public restroom to search him, Petitioner protested "any further search of his person by saying that he had children and that he did not want to go back to prison. [Petitioner] asked for a lawyer. No questions were asked of [Petitioner] by the police."); Doc. 15-1, Feb. 2, 2010 Police Rpt. at 190 (stating "I began my interview with Sernas by reading him Miranda warnings" before recounting questions asked and answers given).)

procedural default and the like should not be regarded by this Court because they are based on the fallacious assumption that each prisoner is a competent attorney who knows exactly what to ask the Court at the nearly exact time required; that the prisoner is capable of effectively parrying argument and law against government paid attorneys whose livelihood is law." (Obj. at 9.)

The procedural default doctrine is based on principles of comity and federalism, not on the assumption that prisoners are attorneys. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Moreover, Petitioner had counsel at all stages of litigation, including his state PCR proceeding. (*See* Doc. 15-1, Def. Mot. to Supp. Illegal Arrest, Illegal Search of his Person & Illegal Search of his Parked Vehicle at 15–31 (motion to suppress filed at trial court level by counsel); Doc. 15-1, Appellant's Op. Br. at 91–119 (filed in Arizona Court of Appeals by counsel); Doc. 15-1, Mar. 29, 2011 Order re: Notice of PCR at 174–75 (superior court order granting Petitioner's request to appoint counsel "throughout the Rule 32 proceeding").). While Petitioner may not have known "what to ask the [c]ourt" or how to "parry[] argument and law," his counsel did. Objection Two is overruled.

### C. Objection Three: IAC Claims

Before Petitioner's arrest, a K-9 alerted to the presence of drugs in the vehicle Petitioner had been riding in. (Doc. 15-1, Oct. 18, 2010 Ruling on Pending Mot. at 44.) The Magistrate Judge concluded that Petitioner's trial and appellate counsel were not ineffective for failing to challenge the K-9's reliability. (R. & R. at 12–17.) Petitioner objects[5] that in so concluding, the Magistrate Judge misapplied *State v. Wright*.[6] (*See* Obj. at 6, 8.)

---

[5] The Court addresses only those IAC claims raised by Petitioner in his state PCR proceeding. (*See* Doc 15-1, Order Ruling on Pet. for PCR at 233–35 (recounting and ruling on Petitioner's arguments).) New arguments—raised for the first time in Petitioner's Objections—are not. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000) (district court may decline to consider new allegations presented for the first time in objections); (*See* Obj. at 4–11 (detailing Petitioner's new arguments).)

[6] No. 1 CA-CR 08-0984, 2009 WL 2411298 (Ariz. Ct. App. 2009) (memorandum decision holding that trial court did not abuse its discretion by suppressing drug evidence where probable cause was based on informant tip and K-9 alert and expert

Generally, a habeas petitioner raising an IAC claim must show that his attorney's performance was deficient and that deficiency prejudiced the outcome of his criminal proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it falls "below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Where a state PCR court has rejected an IAC claim, federal habeas review of that claim is "doubly deferential" because habeas courts are deferential to a state court's ruling made under the deferential *Strickland* standard. *Atwood v. Ryan*, 870 F.3d 1033, 1056–57 (9th Cir. 2017). Under this "doubly deferential" standard, a habeas court merely asks whether the state court's application of *Strickland* was unreasonable. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The state PCR court reasonably concluded that trial and appellate counsel's decisions not to challenge the K-9's reliability were not unreasonable. (*See* Doc. 15-1, Order Ruling on Pet. for PCR at 205–06.) The trial court found that arresting officers had probable cause to search Petitioner based on eight factors, only one of which was the K-9's alert. (*See* Doc. 15-1, Oct. 18, 2010 Ruling on Pending Mot. at 45–46.) Counsel's decision to focus on other factors when contesting probable cause, including the reliability of the MI and the sufficiency of the MI's tip, was reasonable. (*See* Doc. 15-1, Def.'s Mot. Supp. Illegal Arrest, Illegal Search of His Person & Illegal Search of His Parked Vehicle at 15–31.) Further, Petitioner "never claimed to *not* have had the drugs" that were found in his sock; rather, he raised the defense of entrapment. (*See* Doc. 15-1, Order Ruling on Pet. for PCR at 206.) After Petitioner's motion to suppress was denied—and the drug evidence admitted— arguing that the K-9 improperly alerted to the drugs would have only wasted time and distracted the jury. The state PCR court reasonably concluded the same. (*See* 15-1, Order Ruling on Pet. for PCR at 206.)

Even if the Court reads *Wright* as Petitioner urges—that post-*Wright*, this

---

opined that K-9's training and certification process was inadequate).

particular K-9 could not be used, absent further training—*Wright* does not change the result here. (*See* Obj. at 6.) Trial and appellate counsel made the tactical decision to forego challenging the K-9's reliability in favor of challenging other factors supporting probable cause and focusing on other arguments. The state PCR court reasonably concluded that trial and appellate counsels' decisions comply with *Strickland*. Objection Three is overruled.

**III.    CONCLUSION**

Petitioner's objections are overruled. The Court adopts the Report and Recommendation and denies and dismisses the Petition with prejudice.

**IT IS ORDERED** overruling Petitioner's Motion to Object to Magisterial Report and Recommendation (Doc. 27).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 20).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus By a Person in State Custody (Doc. 1).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. The dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1     **IT IS FURTHER ORDERED** directing the Clerk of Court to enter
2 judgment accordingly.

    Dated this 2nd day of October, 2019.

_____
Susan R. Bolton
United States District Judge